# In the United States Court of Federal Claims

BID PROTEST
No. 19-931C
Filed Under Seal: September 20, 2019
Reissued: September 27, 2019[*]

|  |  |  |
|---|---|---|
| VETERANS4YOU, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Pre-Award Bid Protest; Judgment Upon The Administrative Record; RCFC 52.1; 2006 Veterans Benefits Act; 38 U.S.C. §§ 8127, 8128; GPO; Printing Mandate; 44 U.S.C. § 501 *et. seq.*; Injunctive Relief; RCFC 65. |
| THE UNITED STATES, | ) ) ) | |
| Defendant. | ) ) | |

*Sarah C. Reida*, Counsel of Record, Legal Meets Practical, LLC, Naperville, IL, for plaintiff.

*Corinne A. Niosi*, Senior Trial Attorney, *Douglas K. Mickle*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, *Joseph H. Hunt*, Assistant Attorney General, Commercial Litigation Branch, United States Department of Justice, Washington, DC; *Craig D. Barrett*, Of Counsel, United States Government Publishing Office, Washington, DC; *Steven Devine*, Of Counsel, United States Department of Veterans Affairs, Washington, DC, for defendant.

## MEMORANDUM OPINION AND ORDER

GRIGGSBY, Judge

## I.   INTRODUCTION

Plaintiff, Veterans4You, Inc. ("Veterans4You"), brings this pre-award bid protest action challenging the United States Government Printing Office's ("GPO") solicitation to provide imprinted suicide prevention cable locks, gunlock cable labels, and printed wallet cards (the

---

[*] This Memorandum Opinion and Order was originally filed under seal on September 20, 2019 (docket entry no. 22). The parties were given an opportunity to advise the Court of their views with respect to what information, if any, should be redacted from the Memorandum Opinion and Order. The parties filed a joint status report on September 27, 2019 (docket entry no. 24) indicating that no redactions are necessary. And so, the Court is reissuing its Memorandum Opinion and Order, dated September 27, 2019 as the public opinion.

"Solicitation") on behalf of the United States Department of Veterans Affairs (the "VA"). The parties have filed cross-motions for judgment upon the administrative record upon the issues of whether: (1) the VA has properly invoked the printing mandate under 44 U.S.C. § 501 to conduct the Solicitation; (2) whether the Solicitation complies with the requirements of the 2006 Veterans Benefits Act, 38 U.S.C. §§ 8127, 8128; (3) whether the GPO acted arbitrarily and capriciously, or contrary to law, in declining to set aside the Solicitation as a veteran-owned small business ("VOSB") or service-disabled veteran-owned small business ("SDVOSB") procurement; and (4) whether Veterans4You is entitled to certain injunctive relief, pursuant to Rule 52.1 of the Rules of the United States Court of Federal Claims ("RCFC). *See generally* Pl. Mem.; Def. Mot. In addition, Veterans4You has filed a motion for a preliminary injunction, pursuant to RCFC 65. *See generally* Pl. Mot. for PI.

For the reasons discussed below, the Court: (1) **DENIES** Veterans4You's motion for judgment upon the administrative record; (2) **GRANTS** the government's cross-motion for judgment upon the administrative record; (3) **DENIES** Veterans4You's motion for a preliminary injunction; and (4) **DISMISSES** the complaint.

## II.  FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.  Factual Background

#### 1.  The GPO Printing Mandate

As background, title 44, United States Code, Section 501 requires that all printing and binding for the United States Government "shall be done" through the GPO, absent, among other things, a waiver from the Joint Committee on Printing. *See* 44 U.S.C. § 501; *see also* 48 C.F.R. § 8.802(a) (directing agencies that "Government printing must be done by or through the

---

[1] The facts recited in this Memorandum Opinion and Order are taken from the administrative record ("AR"); plaintiff's complaint ("Compl."); plaintiff's memorandum in support of its motion for judgment upon the administrative record ("Pl. Mem."); and the government's response and opposition to plaintiff's motion for judgment upon the administrative record and cross-motion for judgment upon the administrative record ("Def. Mot."). Except where otherwise noted, all facts recited herein are undisputed.

Government Publishing Office (GPO) (44 U.S.C. [§] 501)"). This statutory requirement is commonly referred to as the "printing mandate."[2] Def. Mot. at 4; *see also* Pl. Mem. at 7.

Title 44, United States Code, Section 502 authorizes the GPO to procure printing "under contracts made by [the Director of GPO] with the approval of the Joint Committee on Printing." 44 U.S.C. § 502. To accomplish this, the GPO's regulations delegate contracting authority to GPO contracting officers. Printing Procurement Regulation ("PPR"), GPO Publication 305.3 (Rev. 4-14) at I-3.1; *see also* AR Tab 5 at 142. And so, the GPO contracting officers "are authorized to enter into and administer contracts for printing, binding, related supplies, and related services on behalf of GPO and to make related determinations and findings within the limitations of the authority delegated to them." PPR at I-3.2(c); *see also* AR Tab 5 at 142.

Specifically relevant to this dispute, the GPO has promulgated regulations that apply to its procurements that permit federal agencies to request that the GPO include a particular contractor or restrict bidding to a specific category of contractors through Standard Form 1 ("SF-1") in acquisitions for printing services. PPR at VIII-1.4; PPR at VIII-1.7(f); *see also* AR Tab 5 at 210-12. These regulations also require that the GPO consider any such request and make certain determinations and findings if the GPO is unable to fulfill the request, including explaining "[the] GPO's obligation to employ competitive bidding." PPR VIII-1.7(f)(1)(ii); *see also* AR Tab 5 at 211.

### 2. The 2006 Veterans Benefits Act

In 2006, Congress enacted the Veterans Benefits Act ("VBA") to require that the Secretary of the VA set specific annual goals to encourage contracting with VOSBs and SDVOSBs. 38 U.S.C. § 8127(a). The VBA's "Rule of Two" requires that the VA "shall award" contracts on the basis of competition restricted to service-disabled or other veteran-owned small businesses. 38 U.S.C. § 8127(d); *see also Kingdomware Techs, Inc. v. United States*, 136 S.Ct. 1969, 1973-74 (2016). And so, to restrict competition under the VBA, the VA's contracting officer must reasonably expect that at least two VOSBs or SDVOSBs will submit offers and that

---

[2] Congress has broadly defined the term "printing" to include "the processes of composition, platemaking, presswork, duplicating, silk screen processes, binding, microform, and the end items of such processes." *See, e.g.*, Legislative Branch Appropriations Act of 1993, Pub. L. No. 102-392, § 207(a), 106 Stat. 1703, 1720 (1992), *as amended*, Legislative Branch Appropriations Act of 1995, Pub. L. No. 103-283, § 207, 108 Stat. 1423, 1440 (1994).

"the award can be made at a fair and reasonable price that offers best value to the United States." 31 U.S.C. § 8127(d).

Congress has created two exceptions to the aforementioned Rule of Two. The VA may use noncompetitive and sole-source contracts when such contracts are below specific dollar amounts. 38 U.S.C. § 8127(b) (A contracting officer "may use procedures other than competitive procedures" to award contracts to veteran-owned small businesses when the goods or services that are the subject of such contracts are worth less than the simplified acquisition threshold); *see also Kingdomware*, 136 S. Ct. at 1974. In addition, the VA contracting officer "may award a contract to a [VOSB or SDVOSB] using procedures other than competitive procedures" if the contract is worth more than the simplified acquisition threshold but less than $5 million, the contracting officer determines that the business is "a responsible source with respect to performance of such contract opportunity," and the award can be made at "a fair and reasonable price." 38 U.S.C. § 8127(c)*; see also Kingdomware*, 136 S. Ct. at 1974.

### 3.     **The Solicitation**

On January 31, 2019, the VA submitted an SF-1 printing and binding requisition to the GPO for the publication of "Suicide Prevention Gunlocks." AR Tab 5 at 77-78; *see generally* PPR at VIII-1.4 (providing for requisition forms). Through this Solicitation, the VA seeks to acquire imprinted gunlocks, with labeled gunlock cables and printed wallet cards, which will advance the VA's goal of preventing suicide among veterans. AR Tab 5 at 64; *see also* AR Tab 18 at 401. As shown below, the gunlocks will consist of a cable and a keyed padlock:



AR Tab 5 at 87.

Pursuant to the VA's requirements, the gunlocks will have: (1) a vinyl-coated padlock that is imprinted in white with the Veterans Crisis Line logo and (2) cables with an attached printed label containing the Veterans Crisis Line logo and crisis support information. *Id.* at 64. The VA also requires wallet cards that are to be printed with detailed information about the Veterans Crisis Line and suicide prevention information, as shown below:



*Id.* at 89.

On February 14, 2019, the GPO issued an Invitation For Bids ("IFB") with unrestricted competition for the Solicitation. *Id.* at 62. The IFB provides that the GPO would open the bids on February 21, 2019, at 10:00 a.m. (CST). *Id.* Veterans4You has been included on the GPO's bidders list. *Id.* at 59.

### 4.     The GAO Protest And The VA's Corrective Action

On February 21, 2019, Veterans4You filed a bid protest with the United States Government Accountability Office ("GAO") challenging the Solicitation upon the ground that the GPO did not give preference to VOSBs and SDVOSBs. *Id.* at 37-44. On July 3, 2019, the GAO issued a decision recommending corrective action. AR Tab 20 at 410.

On June 5, 2019, the VA submitted a new SF-1 printing and binding requisition to the GPO for the imprinted gunlocks, cable labels and printed wallet cards which included the following request:

> In accordance with 38 U.S.C. [§] 8127(i), VA requests that GPO, to that maximum extent feasible, set-aside any procurement action resulting from this requisition to verified service-disabled veteran-owned small businesses (SDVOSBs) or verified veteran-owned small businesses (VOSBs). VA maintains a database of all verified SDVOSB and VOSB firms that is publicly available at https://www.vip.vetbiz.va.gov/[.]

AR Tab 21 at 411-12. Thereafter, the GPO's contracting officer issued a written Determination and Findings ("D&F") setting out her conclusion that:

> GPO is obligated under its PPR to employ[] competitive bidding; and although GPO briefly had set-aside authority for [service-disabled businesses], such authority was only for [United States Department of Defense] print procurements. However, this authority expired as of October 1, 2000. Therefore GPO is currently not authorized to engage in a set aside of an award . . . .

AR Tab 23 at 416 (internal citations omitted). But, the GPO's contracting officer committed to "accommodate the spirit of VA's request . . . by including known / verified SDVOSBs and VOSBs to its Bid List to ensure they receive an opportunity to bid on this IFB." *Id.* And so, the GPO contracting officer determined that the GPO could "leverage the VA database of all verified SDVOSB and VOSB firms that [are] publicly available . . . to include verified firms . . . on its Bid List." *Id.* at 415.

To accomplish this, the GPO searched for VOSB and SDVOSB vendors in the VA's Vendor Information Pages ("VIP") database using relevant key word searches. AR Tab 24 at 417 (listing keyword search terms). The GPO included on the bidders list those vendors who were both verified in the VIP database and registered with the GPO, including Veterans4You. *See* AR Tab 25 at 423-424 (identifying four vendors with a "VA/GPO" annotation). The GPO

6

also added to the bidders list other GPO vendors who had veteran affiliations. *See id.* at 422-24 (identifying affiliated vendors with a "V" annotation).

On June 13, 2019, the GPO issued a new IFB with unrestricted competition and posted the IFB to FedBizOpps.gov and to the GPO's website. AR Tab 28 at 576-77; AR Tab 30 at 581; *see generally* AR Tab 27. The IFB provides that the GPO would open bids for the Solicitation on June 27, 2019. AR Tab 27 at 564.[3]

On June 26, 2019, Veterans4You filed this pre-award bid protest challenging the GPO's Solicitation. *See generally* Compl.

### B.    Procedural History

On June 26, 2019, plaintiff filed the complaint and a motion for a preliminary injunction. *See generally id.*; Pl. Mot. for PI. On July 9, 2019, the government filed the administrative record. *See generally* AR.

On July 18, 2019, plaintiff filed a motion for judgment upon the administrative record and memorandum in support thereof. *See generally* Pl. Mot.; Pl. Mem. On July 29, 2019, the government filed a response and opposition to plaintiff's motion for judgment upon the administrative record and a cross-motion for judgment upon the administrative record. *See generally* Def. Mot.

On August 5, 2019, plaintiff filed a response and opposition to the government's cross-motion for judgment upon the administrative record and a reply in support of its motion for judgment upon the administrative record. *See generally* Pl. Resp. On August 12, 2019, the government filed a reply in support of its cross-motion for judgment upon the administrative record. *See generally* Def. Reply. On August 30, 2019, the Court held oral argument on the parties' cross-motions. *See generally* Oral Arg. Tr.

These matters having been fully briefed, the Court resolves the pending motions.

---

[3] The government advised the Court during oral argument that a new Invitation For Bids would be issued in September 2019. Oral Arg. Tr. at 53:13-54:15.

### III. LEGAL STANDARDS

#### A. Bid Protest Jurisdiction

The Tucker Act grants the United States Court of Federal Claims jurisdiction over bid protests brought by "an interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement." 28 U.S.C. § 1491(b)(1). In bid protest cases, this Court reviews agency actions under the Administrative Procedure Act's ("APA") "arbitrary and capricious" standard. *See* 28 U.S.C. § 1491(b)(4) (adopting the standard of review set forth in the APA). Under this standard, "'a bid award may be set aside if either (1) the procurement official's decision lacked a rational basis; or (2) the procurement procedure involved a violation of regulation or procedure.'" *Banknote Corp. of Am., Inc. v. United States*, 365 F.3d 1345, 1351 (Fed. Cir. 2004) (quoting *Impresa Construzioni Geom. Domenico Garufi v. United States*, 238 F.3d 1324, 1332 (Fed. Cir. 2001)).

In this regard, the United States Court of Appeals for the Federal Circuit has explained that, "[w]hen a challenge is brought on the first ground, the test is 'whether the contracting agency provided a coherent and reasonable explanation of its exercise of discretion, and the disappointed bidder bears a "heavy burden" of showing that the award decision had no rational basis.'" *Id*. (quoting *Impresa*, 238 F.3d at 1332-33). "'When a challenge is brought on the second ground, the disappointed bidder must show a clear and prejudicial violation of applicable statutes or regulations.'" *Id.* (quoting *Impresa*, 238 F.3d at 1333). In addition, when reviewing an agency's procurement decision, the Court should recognize that the agency's decision is entitled to a "presumption of regularity." *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 415 (1971), *overruled on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977). "The [C]ourt should not substitute its judgment for that of a procuring agency . . . ." *Cincom Sys., Inc. v. United States*, 37 Fed. Cl. 663, 672 (1997). And so, "[t]he protestor must show, by a preponderance of the evidence, that the agency's actions were either without a reasonable basis or in violation of applicable procurement law." *Info. Tech. & Applications Corp. v. United States*, 51 Fed. Cl. 340, 346 (2001), *aff'd*, 316 F.3d 1312 (Fed. Cir. 2003) (citation omitted).

The Court's standard of review "is highly deferential." *Advanced Data Concepts, Inc. v. United States*, 216 F.3d 1054, 1058 (Fed. Cir. 2000); *Weeks Marine, Inc. v. United States*, 575 F.3d 1352, 1368-69 (Fed. Cir. 2009). In this regard, contracting officers "are entitled to exercise discretion upon a broad range of issues confronting them in the procurement process." *Impresa*, 238 F.3d at 1332 (internal citation omitted); *see also Savantage Fin. Servs., Inc. v. United States*, 595 F.3d 1282, 1286 (Fed. Cir. 2010). As long as there is "'a reasonable basis for the agency's action, the court should stay its hand even though it might, as an original proposition, have reached a different conclusion.'" *Honeywell, Inc. v. United States*, 870 F.2d 644, 648 (Fed. Cir. 1989) (quoting *M. Steinthal & Co. v. Seamans*, 455 F.2d 1289, 1301 (D.C. Cir. 1971)). But, if "the agency 'entirely fail[s] to consider an important aspect of the problem [or] offer[s] an explanation for its decision that runs counter to the evidence before the agency,'" then the resulting action lacks a rational basis and, therefore, is defined as "arbitrary and capricious." *Ala. Aircraft Indus., Inc.-Birmingham v. United States*, 586 F.3d 1372, 1375 (Fed. Cir. 2009) (quoting *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)).

**B.     Judgment Upon The Administrative Record**

Unlike a summary judgment motion brought pursuant to RCFC 56, "the existence of genuine issues of material fact does not preclude judgment upon the administrative record" under RCFC 52.1. *Tech. Sys., Inc. v. United States*, 98 Fed. Cl. 228, 242-43 (2011); *see* RCFC 52.1. Rather, the Court's inquiry is whether, "given all the disputed and undisputed facts, a party has met its burden of proof based on the evidence in the record." *A&D Fire Prot., Inc. v. United States*, 72 Fed. Cl. 126, 131 (2006) (citing *Bannum, Inc. v. United States*, 404 F.3d 1346, 1356 (Fed. Cir. 2005)).

**C.     The 2006 Veterans Benefits Act**

In 2006, Congress enacted the VBA "to increase contracting opportunities for small business concerns owned and controlled by veterans and small business concerns owned by veterans with service-connected disabilities." 38 U.S.C. § 8127(a); *see also Kingdomware Techs., Inc. v. United States*, 136 S. Ct. 1969, 1973 (2016). The VBA requires that the Secretary of the VA give priority to a small business concern owned and controlled by veterans and provides that:

9

> **(a) Contracting priority.**—In procuring goods and services pursuant to a contracting preference under this title or any other provision of law, the Secretary shall give priority to a small business concern owned and controlled by veterans, if such business concern also meets the requirements of that contracting preference.

38 U.S.C. § 8128(a). The VBA also requires that the VA restrict competition to VOSBs and SDVOSBs and specifically provides that:

> **Use of restricted competition.**—. . . [A] contracting officer of the Department shall award contracts on the basis of competition restricted to small business concerns and controlled by veterans or small business concerns owned and controlled by veterans with service-connected disabilities if the contracting officer has a reasonable expectation that two or more small business concerns owned and controlled by veterans or small business concerns owned and controlled by veterans with service-connected disabilities will submit offers and that the award can be made at a fair and reasonable price that offers best value to the United States.

38 U.S.C. § 8127(d). The VBA also addresses circumstances where the VA acquires goods and services through another governmental entity. In this regard, the statute provides that:

> **Applicability of requirements to contracts.**—(1) If after December 31, 2008, the Secretary enters into a contract, memorandum of understanding, agreement, or other arrangement with any governmental entity to acquire goods or services, the Secretary shall include in such contract, memorandum, agreement, or other arrangement a requirement that the entity will comply, to the maximum extent feasible, with the provisions of this section in acquiring such goods or services.

38 U.S.C. § 8127(i)(1).

The Supreme Court of the United States has held that the Rule of Two is mandatory when the VA awards contracts. *Kingdomware*, 136 S. Ct. at 1976 (holding that Section 8127 is mandatory and requires the VA "to apply the Rule of Two to all contracting determinations and to award contracts to veteran-owned small businesses"). The United States Court of Appeals for the Federal Circuit has also held that Section 8127(d) of the VBA requires the VA to award contracts on the basis of competition. *PDS Consultants, Inc. v. United States*, 907 F.3d 1345, 1358 (Fed. Cir. 2018). In this regard, the Federal Circuit has recognized that, when the Rule of Two is triggered, the VA must apply competitive mechanisms to determine to whom the contract should be awarded. *Id*. The Federal Circuit has also recognized that "while [Section] 8127(d)

10

applies only when the Rule of Two is satisfied, [Section] 8127(i) is broader and requires the VA to prioritize veterans (with and without service-connected disabilities) under subsections (b) and (c), even when the Rule of Two is not satisfied." *Id*.

### D. Injunctive Relief And RCFC 65

Lastly, under its bid protest jurisdiction, the Court "may award any relief that [it] considers proper, including declaratory and injunctive relief." 28 U.S.C. § 1491(b)(2); *see also Centech Grp., Inc. v. United States*, 554 F.3d 1029, 1037 (Fed. Cir. 2009). In deciding whether to issue a permanent injunction, the Court "considers: (1) whether . . . the plaintiff has succeeded on the merits of the case; (2) whether the plaintiff will suffer irreparable harm if the court withholds injunctive relief; (3) whether the balance of hardships to the respective parties favors the grant of injunctive relief; and (4) whether it is in the public interest to grant injunctive relief." *PGBA, LLC v. United States*, 389 F.3d 1219, 1228-29 (Fed. Cir. 2004) (citing *Amoco Prod. Co. v. Vill. of Gambell, Alaska*, 480 U.S. 531, 546 n.12 (1987) ("The standard for a preliminary injunction is essentially the same as for a permanent injunction with the exception that the plaintiff must show a likelihood of success on the merits rather than actual success.")); *see also Centech Grp.*, 554 F.3d at 1037. In this regard the Federal Circuit has held that:

> No one factor, taken individually, is necessarily dispositive. If a preliminary injunction is granted by the trial court, the weakness of the showing regarding one factor may be overborne by the strength of the others. If the injunction is denied, the absence of an adequate showing with regard to any one factor may be sufficient, given the weight or lack of it assigned [to] the other factors, to justify the denial.

*FMC Corp. v. United States*, 3 F.3d 424, 427 (Fed. Cir. 1993) (citation omitted).

This Court has also found success upon the merits to be "the most important factor for a court to consider when deciding whether to issue injunctive relief." *Dellew Corp. v. United States*, 108 Fed. Cl. 357, 369 (2012) (citing *Blue & Gold Fleet, L.P. v. United States*, 492 F.3d 1308, 1312 (Fed. Cir. 2007)). While success upon the merits is necessary, it is not sufficient alone for a plaintiff to establish that it is entitled to injunctive relief. *See Contracting, Consulting, Eng'g LLC v. United States*, 104 Fed. Cl. 334, 353 (2012) (("Although plaintiff's entitlement to injunctive relief depends on its succeeding on the merits, it is not determinative because the three equitable factors must be considered, as well.") (citations omitted)). On the other hand, a plaintiff who cannot demonstrate actual success upon the merits cannot prevail

upon a motion for injunctive relief. *Cf. Nat'l Steel Car, Ltd. v. Canadian Pacific Ry., Ltd.*, 357 F.3d 1319, 1325 (Fed. Cir. 2004) (finding that a plaintiff who cannot demonstrate likely success upon the merits cannot prevail upon its motion for preliminary injunctive relief).

## IV.  LEGAL ANALYSIS

In its motion for judgment upon the administrative record, Veterans4You argues that the Court should enjoin the GPO from proceeding with the Solicitation because: (1) the VA has improperly invoked the printing mandate under 44 U.S.C. § 501; (2) the VBA requires that the VA conduct the Solicitation if the GPO is unable to adhere to the Rule of Two requirement under the VBA; and (3) the GPO's decision to not conduct the Solicitation as a VOSB and SDVOSB set aside was arbitrary, capricious and contrary to the requirements of the VBA. Pl. Mem. at 17-24. In addition, Veterans4You argues that it is entitled to injunctive relief and requests that, among other things, the Court prohibit the VA from conducting the Solicitation through the GPO. *Id.* at 24-29.

The government counters in its cross-motion that the GPO is appropriately conducting the Solicitation on behalf of the VA, consistent with the printing mandate and the VBA, and that the VA has complied with the requirements of the VBA with regards to this Solicitation. Def. Mot. at 13-29. And so, the government argues that the Court should deny Veterans4You's protest and dismiss the complaint. *Id.* at 31.

For the reasons that follow, the Court agrees.

### A.  The GPO Is Properly Conducting The Solicitation

As an initial matter, the government persuasively argues that the GPO is properly conducting the Solicitation at issue in this dispute. The administrative record makes clear that the Solicitation is for suicide prevention cable gun locks that include printed labeling and printed wallet cards. AR Tab 27 at 565. Specifically, the specifications for the Solicitation provide that the suicide prevention cable lock body is to have a "white imprint of the Veterans Crisis Line Logo" and the label will also contain 24/7 confidential crisis support information. *Id.* at 566. The specifications for the wallet cards also require that these cards have printing on the "face and back." *Id.*

The printing mandate, found in 44 U.S.C. § 501, generally requires that "[a]ll printing, binding, and blank-book work for . . . every executive department . . . shall be done at the Government Printing Office . . . ." 44 U.S.C. § 501. Congress has also broadly defined "printing" to mean "the processes of composition, platemaking, presswork, duplicating, silk screen processes, binding, microform, and the end items of such processes." *See, e.g.*, Legislative Branch Appropriations Act of 1993, Pub. L. No. 102-392, § 207(a), 106 Stat. 1703, 1720 (1992), *as amended*, Legislative Branch Appropriations Act of 1995, Pub. L. No. 103-283, § 207, 108 Stat. 1423, 1440 (1994). And so, the imprinted gun locks and wallet cards requested under the Solicitation are goods that fall within the printing mandate set forth in Section 501.[4]

The record evidence also shows that the VA has adequately explained and documented the reasons for its decision to employ the GPO to conduct the Solicitation. AR Tab 5 at 35-36. In this regard, the administrative record shows that the VA has encountered difficulty in the past procuring printed gunlocks and wallet cards. *Id.* at 35. To address these difficulties, the VA requested that the GPO procure the printing and the non-printing components for the Solicitation for the sake of efficiency. AR Tab 5 at 30. While plaintiff correctly observes that the gunlocks to be procured by the GPO are not related to printing, the record evidence shows that the VA reasonably determined that the GPO should also procure these items to assist with this acquisition. AR Tab 5 at 35-36. Plaintiff points to no law or regulation that would prohibit the GPO from procuring non-printing items on behalf of the VA. Pl. Resp. at 3-6; 9-11. And so, the Court will not set aside the VA's decision to employ the GPO to conduct the Solicitation at issue in this case.

---

[4] Plaintiff's argument that the GPO is not properly conducting the Solicitation because only a small percentage of the cost of the contract will involve printing services is also unconvincing. The administrative record makes clear that the purpose of the Solicitation is to help prevent suicides among Veterans and that the information to be printed on the gunlocks and wallet cards are an essential element of the contract. AR Tab 18a at 401; *see also* Oral Arg. Tr. at 37:10-37:24; 39:10-39:19.

### B. The VA Complied With The VBA

The administrative record also shows that the VA has complied with the requirements of the VBA in connection with this Solicitation.

#### 1. VA Is Not Required To Perform A Rule Of Two Analysis

First, a careful reading of the VBA and the administrative record shows that neither the VA nor the GPO is obligated to conduct a Rule of Two analysis for the Solicitation, as Veterans4You suggests.

Under the VBA, the VA is required to establish annual goals to award contracts to VOSBs and SDVOSBs and this statute creates a contracting preference for such entities known as the Rule of Two. 38 U.S.C. § 8127(d). To determine the VA's obligations under the VBA's Rule of Two, the Court considers the plain language of this statute.

In this regard, Section 8127(a) of the VBA provides that:

> (1) In order to increase contracting opportunities for small business concerns owned and controlled by veterans and small business concerns owned and controlled by veterans with service-connected disabilities, the Secretary shall—
>
> > (A) establish a goal for each fiscal year for participation in Department contracts (including subcontracts) by small business concerns owned and controlled by veterans who are not veterans with service-connected disabilities in accordance with paragraph (2); and
> >
> > (B) establish a goal for each fiscal year for participation in Department contracts (including subcontracts) by small business concerns owned and controlled by veterans with service-connected disabilities in accordance with paragraph (3).

38 U.S.C. § 8127(a)(1). Section 8127(d) of the VBA also provides that:

> [F]or purposes of meeting the goals under subsection (a), and in accordance with this section, a contracting officer of the Department shall award contracts on the basis of competition restricted to small business concerns owned and controlled by veterans or small business concerns owned and controlled by veterans with service-connected disabilities if the contracting officer has a reasonable expectation that two or more small business concerns owned and controlled by veterans or small business concerns owned and controlled by veterans with service-connected disabilities will

> submit offers and that the award can be made at a fair and reasonable price that offers best value to the United States.

38 U.S.C § 8127(d).

The aforementioned plain language of the VBA makes clear that Congress has established a mandatory preference for VOSBs and SDVOSBs when the VA conducts a procurement. But, the text of the VBA also makes clear that this preference applies only when the VA Secretary and the VA Contracting Officer are conducting a procurement on behalf of the agency. *See generally* 38 U.S.C. § 8127. And so, the Court reads the VBA to mandate that the VA conduct a Rule of Two analysis only when the VA is conducting the procurement.

The Court's reading of the VBA is consistent with the binding case law. In *PDS Consultants, Inc. v. United States*, the Federal Circuit held that the VA could not circumvent the VBA's Rule of Two requirement by purchasing items from the AbilityOne Program as mandated by the Javits-Wagner-O'Day Act, because "the VBA dictates the methodology the *VA* must employ for its procurements." 907 F.3d 1345, 1356 (Fed. Cir. 2018) (emphasis supplied). The Supreme Court also held in *Kingdomware Techs., Inc. v. United States* that the VBA mandates that the VA use the Rule of Two in all contracting before using competitive procedures. 136 S.Ct. 1969, 1977 (2016). Both of these cases involve procurements conducted by the VA. And so, the Court's reading of the VBA to not require that the VA conduct a Rule of Two analysis when another governmental entity is conducting a procurement on behalf of that agency is consistent with these cases.

In fact, under such circumstances, the VBA makes clear that Section 8127(i) of the statute applies. In this regard, Section 8127(i) provides that:

> (1) If after December 31, 2008, the Secretary enters into a contract, memorandum of understanding, agreement, or other arrangement with any governmental entity to acquire goods or services, the Secretary shall include in such contract, memorandum, agreement, or other arrangement a requirement that the entity will comply, to the maximum extent feasible, with the provisions of this section in acquiring such goods or services.

38 U.S.C. § 8127(i)(1). This language makes clear that the VA is obligated under Section 8127(i) to request that the GPO employ a Rule of Two analysis "to the maximum extent

feasible" for the Solicitation. *Id.* But, there is no requirement that the VA conduct a Rule of Two analysis when another governmental entity is acquiring goods or services on its behalf. *Id.*

Indeed, as the government persuasively argues, the Court's reading of Section 8127(i) to allow another governmental entity to procure goods or services for the VA without conducting a Rule of Two analysis comports with the legislative history of the VBA, which shows that Congress elected not to require other federal agencies to comply with the Rule of Two when conducting procurements on behalf of the VA.[5] *Compare* H.R. 6221, 110th Cong., 2d Sess. § 2 (2008), *with* 154 Cong. Rec. S10456 (2008) (explaining that "to the maximum extent feasible" is compromise language); *see also* Def. Reply at 12; Oral Arg. Tr. at 44:25-45:9. And so, while the Court agrees with plaintiff that there is an unmistakable preference in the VBA for the GPO to set aside the Solicitation at issue here as a VOSB/SDVOSB procurement, the VBA does not mandate that the GPO do so in this case.

### 2. The VBA And The Printing Mandate Are Not In Conflict

The Court is also unpersuaded by plaintiff's argument that the VBA and the printing mandate are in conflict. Pl. Mem. at 19-21; Pl. Resp. at 19-20. It is well-established that when interpreting multiple statutes, the Court must read the statutes to give effect to each statute if it can do so, while preserving each statute's sense and purpose. *See, e.g.*, *PDS Consultants*, 907 F.3d at 1357 (citing *Watt v. Alaska*, 451 U.S. 259, 267 (1981)). As discussed above, the Court reads the printing mandate to require that the GPO provide printing services for all federal agencies, including the printing services to be provided for the VA in connection with this Solicitation. The Court also reads Section 8127(i) of the VBA to specifically authorize the VA to employ the GPO to provide such printing services, without requiring that either the VA or the

---

[5] Section 8128 provides in relevant part that:

(a) In procuring goods and services pursuant to a contracting preference under this title or any other provision of law, the Secretary shall give priority to a small business concern owned and controlled by veterans, if such business concern also meets the requirements of that contracting preference.

38 U.S.C. § 8128(a). Plaintiff also has not shown that Section 8128 of the VBA mandates a Rule of Two analysis in this case because, by its plain terms, this provision applies to procurements conducted by the VA Secretary when procuring goods or services pursuant to a contracting preference other than a VOSB/SDVOSB set aside, which is not the case here.

GPO conduct a Rule of Two analysis. 38 U.S.C. 8127(i). Given this, the Court does not find any conflict between these two statutes, as plaintiff suggests.

### 3. The VA Satisfied Its Duty Under the VBA

Lastly, in light of the Court's reading of the VBA, the record evidence also makes clear that the VA acted reasonably and complied with the requirements of the VBA in this case. The record evidence shows that the VA issued a SF-1 printing and binding requisition on June 5, 2019, that requested that:

> In accordance with 38 U.S.C. § 8127(i), VA requests that GPO, to that maximum extent feasible, set-aside any procurement action resulting from this requisition to verified service-disabled veteran-owned small businesses (SDVOSBs) or verified veteran-owned small businesses (VOSBs).

AR Tab 21 at 412. Because the VA's written request is fully consistent with the requirement of Section 8127(i) of the VBA, the VA has met its obligations under the VBA in this case. 38 U.S.C. § 8127(i).

### C. The GPO Reasonably Determined That It Could Not Set Aside the Solicitation

Lastly, the record evidence also shows that the GPO reasonably determined that it could not set aside the Solicitation as requested by the VA. As explained by the GPO contracting officer in her Determinations and Findings, the GPO's printing regulations require that the GPO promote and provide for competition to the maximum extent practicable in soliciting bids and offers and awarding government contracts. AR Tab 23 at 414-15; *see also* PPR at VII.4(a) and (b). And so, the GPO contracting officer determined that the GPO "is obligated under its [regulations] to [employ] competitive bidding" for the Solicitation. AR Tab 23at 416.

Nonetheless, the GPO contracting officer determined that the GPO "will accommodate the spirit of the VA's request—while at the same time remaining in complian[ce] with the agency's regulatory requirements—by including known / verified SDVOSBs and VOSBs to its Bid List to ensure they receive an opportunity to bid on this [Solicitation]." *Id.* To accomplish this, the GPO searched the VA Vendor Portal to identify and add verified SDVOSBs and VOSBs to the bidders list. AR Tab 24 at 417-21; Oral Arg. Tr. at 51:9-51:24. In addition, the GPO added other veteran-affiliated firms to the bidders' list. AR Tab 25 at 422-24 (identifying

affiliated vendors with a "V" annotation). There is no dispute in this case that the GPO's actions increased the number of SDVOSBs and VOSBs that may submit bids for the Solicitation. Pl. Mem. at 11; Def. Mot. at 28; Oral Arg. Tr. at 51:9-52:13; 63:12-63:23. And so, the record evidence shows that the GPO undertook reasonable steps to accommodate the spirit of the VA's request, consistent with the VBA.[6] *See* AR Tab 24 at 417-21; AR Tab 25 at 422-24.

Indeed, at bottom, the dispute in this case arises because the plaintiff is understandably disappointed by the GPO's decision to not conduct the Solicitation as a VOSB/SDVOSB set aside. But, while plaintiffs may not agree with the GPO's decision, plaintiff points to no requirement in the printing regulations or the VBA that mandates that the GPO conduct the Solicitation as a VOSB/SDVOSB set aside. Pl. Mem. at 19-22; Oral Arg. Tr. at 15:5-20:19. The record evidence also shows that the GPO's efforts to honor the spirit of the VBA's Rule of Two requirement were reasonable. And so, the Court will not set aside the GPO's determination to employ competitive bidding for the subject Solicitation. AR Tab 23 at 415-416; AR Tab 24 at 417; AR Tab 25 at 422-424.

### D. Veterans4You Is Not Entitled To Injunctive Relief

As a final matter, Veterans4You has not established that it is entitled to the injunctive relief that it seeks in this case. *See generally* Pl. Mot. for PI. Veterans4You requests, among other things, that the Court prohibit the VA from conducting the Solicitation through the GPO. But, as discussed above, Veterans4You has not demonstrated success upon the merits of any of its claims. Given this, Veterans4You cannot prevail on its motion for injunctive relief. *Argencord Mach. & Equip., Inc. v. United States*, 68 Fed. Cl. 167, 176 (2005). And so, the Court must **DENY** plaintiff's motion for a preliminary injunction.

---

[6] The GPO contracting officer's Determinations and Findings clearly state the origin and reasons for the VA's request for a VOSB/SDVOSB set aside, by stating that the VA's SF-1 specifically requested that the GPO set aside any procurement action resulting from the requisition to the maximum extent feasible. AR Tab 23 at 414. The D&F also indicates the efforts that the GPO will undertake to satisfy the spirit of the VA's request by stating that the GPO can leverage the VA database of all verified SDVOSBs and VOSBs firms that is publicly available to include these firms on the GPO's bid list to identify veteran-owned businesses. *Id.* at 415; PPR at VIII-1.7(f).

### V.     CONCLUSION

In sum, Veterans4You has not shown that either the VA or the GPO violated the VBA or any other law in connection with the Solicitation at issue in this bid protest dispute. Rather, the administrative record also shows that the VA reasonably determined that the GPO should conduct the Solicitation on its behalf and that the GPO reasonably determined that it could not set aside the Solicitation for VOSBs and SDVOSBs.

And so, for the foregoing reasons, the Court:

1. **DENIES** Veterans4You's motion for judgment upon the administrative record;

2. **GRANTS** the government's cross-motion for judgment upon the administrative record;

3. **DENIES** Veterans4You's motion for a preliminary injunction; and

4. **DISMISSES** the complaint.

The Clerk shall enter judgment accordingly.

Each party to bear its own costs.

Some of the information contained in this Memorandum Opinion and Order may be considered protected information subject to the Protective Order entered in this matter on August 1, 2019. This Memorandum Opinion and Order shall therefore be **FILED UNDER SEAL**. The parties shall review the Memorandum Opinion and Order to determine whether, in their view, any information should be redacted in accordance with the terms of the Protective Order prior to publication. The parties shall **FILE** a joint status report identifying the information, if any, that they contend should be redacted, together with an explanation of the basis for each proposed redaction, on or before **October 21, 2019**.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby<br>
LYDIA KAY GRIGGSBY<br>
Judge